Good morning your honors. At the court please is Matthew L. Tuck appearing on behalf of the petitioner in this case or the appellant Kimberly Guadalupe. I know you've read the briefs and you're familiar with the cases and I'll just launch in if you have any questions please interrupt. This is an interesting case in which my client the appellant was the girlfriend of a chap who was something of a criminal he was his name was Michael Morgan he was in being investigated by the government for a variety of crimes mostly drug dealing money laundering and related offenses. He was he was convicted he was and made admissions made admissions during the course of that plea colloquy so so the question as to the currency at least for me is how how did she show that the money that was seized was actually withdrawn from her business accounts. Well that is that he dipped into it regularly. He did and the testimony and the discovery in the case showed that was happening mostly without her permission. He had a gambling problem as the record showed and what he would do is he knew where she kept the money and he would just dip into that borrow it and then replace it apparently later on without also without telling her. So given given that evidence how can she establish that she was the sole owner of that money? Well she testified and this was undisputed that for years it was her practice and the practice of her family apparently to keep a lot of assets in liquid form in the house about 50 percent. I understand that but but given that this pile of cash if you will everybody it was uncontested that he occasionally put money into it and took it out and nobody's contesting that any money that he put in was subject to forfeiture. So how do how can she establish on this record because I don't see any place where she said well I know this $6,000 was mine I put in six and he only took out four and etc etc and as I read the testimony she said she did not have the ability to specifically identify the property that is yours so as to the cash I just don't see how she could have done that in light of the testimony. Well her testimony was that she operated a number of businesses six different businesses and that over the course of at least four or five years she had withdrawn money from her businesses and that was the source of the cash so. Well it was the source of the cash except the uncontested testimony was that the boyfriend Michael dipped into that pile took cash out and then replenished it with what for purposes of this case we have to assume were proceeds from his illegal activities so that when we look at the pile of cash that existed on the day of the fourth of the seizure I don't know how she could establish how much was hers and how much was his. Well and that is difficult especially with cash as your honor points out I mean it cash is extremely difficult to track unless you have the serial numbers with 20-20 hindsight she probably wishes that she had written down all the serial numbers of all the bills she had pulled out of you know her her businesses and I mean I probably have 20 there $80 in my wallet right now in tens and 20s and even though I've only had them in there for a few weeks I can't tell you where all of those dollars came from. Can we talk about the jewelry? Sure yes I think that is a separate issue. Here's my problem with the jewelry and I want you to address it. I don't see that she ever said I can identify a specific piece of jewelry that I acquired with my own money either before meeting Michael or after meeting Michael all that she said was I routinely went to various places to buy jewelry and I paid for some of it I paid for some of it with my own money and again I'm having trouble again here with a notion that you need to identify ownership in a specific piece of jewelry as opposed to saying I think I bought some of that with my own money and he gave some of it to me and I but she didn't identify which how can she prevail under those circumstances? Well and that is one of the troubling aspects of this case your honor because she was denied an ancillary hearing to prove those very facts and unfortunately the the trial court basically decided this on a summary proceeding that was based on evidence that was not I understand it's a summary it is an effective summary judgment yes but but her proffer during the summary judgment her affidavit her testimony wasn't didn't identify any specific piece of jewelry other than the one that the court didn't forfeit didn't identify any specific piece of jewelry that she said I purchased with non-suspect funds if you will she just said I know I bought some of it with my own money so in the absence of that specific identification can she prevail? I think she can and and part of it was because the unlike a lot of the other forfeiture cases that that were recited in the briefs and forfeiture cases seem to fall in kind of a continuum right there's there's ones on the the extreme where it's clear that everything in the case was bought with with bad money or you know with drug money or whatever it was but on the other extreme which is this one you have a long history of the the third-party petitioners who had over the years had purchased part of purchased property purchased jewelry accumulated cash and that's one of the that's this case and she did testify under all in her deposition what what the number of the various pieces of jewelry were the watches and and the other things the pieces that she had purchased for her child I don't think that there's anything in the case law that requires her to produce receipts for everything I don't think so either I'm looking at her testimony and I'm not sure I can find a place where she says this ring this watch this bracelet I purchased it with my own money in such-and-such a year as to the stuff that went to the child some of the stuff she says came from from Morgan so I'm not sure that establishes anything independent so if you could point to me someplace in the with my own money or I purchased prior to the time I met Michael then I could say there was an issue of fact raised but in the absence of that I'm not sure what the ancillary hearing would do well she was under oath when she testified at the deposition and she was a bit hamstrung in this case quite honestly your honor as the the record is clear and as a brief points out the government scooped up all of her records when it did the raid with with the search warrant back in 20 and 2019 when when the arrest and the investigation was going on she didn't get any of those records back until literally the night before her deposition she didn't have a chance to review it or anything so there would have been I believe testimony in the deposition where she could have said oh yes you know I you know this was mine she had spreadsheets that detailed and for instance detailed the cash withdrawals and transactions that she had engaged in but she didn't have the benefit of editor deposition either she had an appraisal done on the jewelry in 2018 a lot of it which at least arguably precedes a lot of the criminal activity you know she testified under oath again that she had been accumulating this jewelry for 20 years and so you know most of the cases that are cited in the briefs when when there is a long history of accumulation of whatever it is of jewelry of cash of real property the the courts treat those cases differently and her testimony was undisputed the government didn't dispute any of this and was frankly in possession of a lot of the the documents that she would have needed to establish that which is another reason this should have gone to to an actual evidentiary hearing an ancillary hearing when she was fully in possession of all of her documents and she could have said oh yes I'm looking at the appraisal now this ring my mother gave me and you know 2002 or this bracelet or whatever but she never really had that opportunity and in her deposition you know not a good good situation she's nervous she doesn't have any documents in front of her and they're saying okay what jewelry that you haven't seen in four years you know what was given to you and by whom and how much did it cost and where are the receipts none of which did she have access to at the time of her deposition or frankly when she filed these petitions either the the rule 853 petition or the the rule 41 petitions and there were two of those so she's she's been forced by the government to fight really with one hand or two hands tied behind her back in this case and all she would really like is a remand with the opportunity to fully litigate this not you know based on the testimony at a plea bargain hearing of Morgan which she had no opportunity to a bunch of her testimony without any records in front of her I mean they were asking her basically to testify to everything from memory and given the volume you know this was two hundred and forty thousand dollars worth of jewelry that's a lot of jewelry expecting her to to remember all that and and to remember where she purchased it all without the receipts in front of her without the records without the appraisal with none of that in front of her is asking an awful lot and I think that the trial court just erred when it when it were fully investigated in an ancillary proceeding did you want to save the rest of your time pardon me you cut out for save some time yeah let me save three minutes for rebuttal or or I guess four minutes and 38 seconds thank you very much all right you morning your honors David Martin on behalf of the United States I want to start by addressing the discovery allegations made by opposing counsel here the way discovery proceeded in this case what what was not provided to Miss Guadalupe in advance of the deposition and and it was there was an effort to provide it but it was the exhibits to be used in the deposition in advance of it it was a zoom deposition taken and a colleague of mine tried to provide the exhibits in advance those exhibits were all from discovery that had been produced by the government some of them are in the record at SCR 15 to 72 those are photos of the jewelry that were sent it's an email transmitting those photos since almost a year February 2020 so almost a year before the January 2021 deposition the photos she had a photo dance now counsel is saying that she was hamstrung because there were receipts and other documents that would have helped her establish an interest in particular pieces of jewelry with what's the status of that copies of all of the business records had been produced that's what I was going to ask is I read the record I thought the only thing that was tardily produced for whatever reason were the actual pictures of the of the of the jewelry seized is that I don't think that's quite accurate either I think everything had been produced the photos of the jewelry were sent in February of 2020 that's SCR 15 was there an inventory that was not produced until later I believe miss Guadalupe provided the SCR 36 to 37 which was her accounting or sorry maybe that's er 36 to 37 her accounting for and and sort of providing an explanation that wasn't something that was seized that's right yeah I'm trying to figure out counsel said her records were seized and she didn't have them and I'm not sure I can find that in the in the record of this case is what's your response to that that's right both in the record of this case and to my knowledge outside of it I'm not aware of any discovery that was tardily produced the colloquy I don't have a pin site handy but the colloquy at sort of near the outset of the deposition transcripts which I know is in the record but I don't have the pin site shows that the colleague of mine taking the deposition was had not been able to transmit successfully at the exhibits that were to be used but those exhibits were in fact discovery that had been produced there were receipts or other documents from which she could reconstruct her ownership the government turned that over that's right yes your honor on the rule 41 are there other relevant proceedings ongoing at this time or have those matters now been concluded such that she could renew her motion yeah thank you for asking on it so the my understanding of the current status is that mr. Myers who was the fugitive at the time the motion was considered has been apprehended he has pled guilty and sentencing is pending and the 2255 petition deadline for mr. Cheatham has run so those were two of the underlying concerns the government had to be clear though I think that the way this court should evaluate the rule 41 petition is as of the time it was you know now that circumstances have changed somewhat and seek to renew that motion she could do so and I think based on those change circumstances that's my understanding I just want to ascertain where we're at right that's further along now yep that's where we're at does she need to file a new motion or will the government just on its own accord return to non-forfeited property when it no longer needs it for it I think the government could do that on its own accord certainly if she wanted to have that that conversation with the today but it's a conversation we're always willing to have when when the evidence is no longer needed I will let me pose a problem that I think occurs all the time in forfeiture but you sort of highlighted in a case like this this woman says I've got a bunch of jewelry that I've accumulated over the years but I can't tell you precisely when and how I bought each item of it but this is that's my testimony does she get an evidentiary hearing on that or must she in order to get an evidentiary hearing say this ring this watch was purchased on this date with this money that's a pretty heavy burden to put on a third party who's not charged in a case I agree I don't think she needs quite the level of specificity that you're suggesting I do think that she does need to as your questions earlier suggested needs to be able to point to the time and circumstances of the acquisition of each piece of property that was subject to seizure so here if she had made allegations like I know that I purchased this excuse me I know that I purchased this particular ring before 2010 that would predate before I met mr. Morgan that would allow at least the reasonable inference and to get to the hearing stage that you know it's possible that assuming that's true that it was acquired not without not using criminal proceeds of course that's far from the facts here and and the lack of memory both in what's in the petition and then what came out in discovery really just demonstrates that a hearing would serve no end that and what we would hear at the hearing is what we see in the record which is just a lack of of the ability to do that with respect to the individual pieces of jewelry and as as we the specific cash that was seized from the house on that day for reasons judge when was identifying the cat sort of cash reserve money in money out theory doesn't work because this is about that specific cash and this record doesn't allow any reasonable inference or anything more than a guess really as to whether that cash is criminal proceeds or whether it is you know acquired by means the district court in its order says I'm granting the motion to dismiss that's not really what happened here though is it I think it was granting a motion to dismiss of course the the legal lens is similar on a motion to dismiss in summary judgment the record is slightly different there was relatively little added to the record here well her deposition testimony was added to the record that's right I should say relatively nothing that helps her case I mean what her deposition testimony I'm just trying to figure out should we we should review this as if it were a summary judgment right I think that's a fair way to review it either way the review is de novo reasonable inferences are granted because it seems to me if we were reviewing simply her petition or her we might say it's not implausible that she bought some of this with their own money beforehand even though she didn't specify in particular instances yeah and I would agree that it is even clearer following the admission she made in her declaration her deposition and the you know the the evidence added to the record of summary judgment that a fact finder could not reasonably infer and find as to any of the particular money that was seized and any of the particular jewelry based on this sort of lack of memory that she has about it lack of records and I would note that I think the sales though the single ring that is the exception here where there was a sales receipt sort of I agree it doesn't need to be a receipt it doesn't need to maybe identify the specific date but what the statute says is first at the pleading stage and then later the time and circumstances of the acquisition need to be adequately identified to allow a reasonable inference at the summary judgment stage to allow reasonable inference that it was acquired by alternative means help me out with the spreadsheet here because I see here at least a couple in there there could be more pieces of jewelry where she identified were gifts given to their son why isn't that sufficient to at least create a tribal issue um the circumstances under which they were given to Michael I mean I think presumptively anything that belonged to Michael he has conceded that these were were criminal proceeds so as to items that came from him there's I don't think any fact in this this chart as to those items or otherwise gives reason to reasonably infer that it came from something other than criminal proceeds that there's an alternative explanation for it's a he said she said type of situation right so let's say he he basically as part of the plea agreement said okay the jewelry basically were derived from proceeds now she's saying no as to specific pieces of jewelry they were not derived from illegal activity these were private gifts given to him that was then passed on to the son why does that create an issue explain that to me again I think I mean we're talking about the pieces of jewelry that were given to mr. Morgan himself correct right that's it that's nature of your question so he nothing about her statement that they were private gifts given to him undermines the notion that they were derived from criminal proceeds which he has already acknowledged in his plea agreement if she if there was evidence to the contrary I think that that that she remembered or could put forward that could create a tribal issue but I think so what does he have to say it was a private gift given to him by his father yeah or identifying something more about the circumstances than just just this I think you know there he had dozens of co-conspirators in this conspiracy I think just just knowing or crediting for purposes of summary judgment that it was a gift to him does not reasonably suggest that it wasn't the criminal proceeds that he has already admitted that or derived from that that he's already admitted that it was so whether that was a gift given as part of a conspiracy or anything like that I don't think this reasonably suggests or sort of undermines I think I think another way to put it is this chart is fully consistent with the admissions in the plea agreement it doesn't can't be reasonably read to undermine any of those things and she confirmed in her deposition that this is the extent of her recollection about these items so there would be nothing to be added at a at a ancillary hearing um just to conclude about the sales sales receipt and the ring that the district court did exclude here I think that's an important consideration again I don't think that the specific details contained in the receipt were necessary but something that she could say along the lines of the time and circumstances of when it were acquired that would allow for the reasonable inference that it was innocently acquired or acquired through other means unless there are further questions about the 853 question I might just make a point or two about rule 41 G to be clear here the the burden given the ongoing investigation to show that return was proper it was on Miss Guadalupe and and she failed that burden the the finding that the investigation was ongoing is reviewed for clear error and it was clearly supported here based on again the facts as they they sat at that government have any plans to forfeit to try to forfeit these items not to my knowledge your honor I think that that ship has sailed timing wise so and again you know we would be open you know we would listen to to overtures to return the property and and also you know if it came to that a subsequent rule 41 motion would be reviewed on the record as it stands now and that's that's a very different circumstance I would note you know sentencing remains pending there's potential you know for appeal and 2255 in mr. mr. Myers's case but you know that the circumstances are certainly different and could be met differently but by the government and or the court if a subsequent petition which was submitted unless there are other questions from the court we would rest on the briefs doesn't appear that we have additional questions Thank You counsel thank you yes the court for thanks just a few brief rebuttal points your honors one thing that wasn't really addressed in the government's brief and hasn't come up yet is that there is a shifting burden under rule 41 which basically states that after all the need for the evidence has evaporated the burden shifts to the government to show why it is still entitled and has a superior interest in the property to the the third party and so in this case you know I they would I would assume be in the same boat that you're placing my client in right now which is that they have to prove that she doesn't have receipts for all that stuff I'd also like to make a comment on just the nature of depositions in general I know your honors have probably taken a lot of depositions before or at least have read enough to know kind of what the nature of a deposition is and the nature of a deposition in a discovery case like this is not that the deponent comes in with with all this evidence to completely and fully state her case or his case like at a trial rather it's the government who's called the deposition they're going to ask her a bunch of questions maybe her attorney would you know do some qualifying you know sort of redirect at the end but it's not a full-blown hearing it's it's targeted questions by the government if they don't ask the right questions she's not stuck with that I think that the assumption was submitted a declaration or an affidavit in connection with these proceedings I mean I agree she doesn't have to volunteer information in a deposition but when the judge gets to summary adjudication if we're treating this as if it were summary judgment it's sort of put up or shut up time you got to come up with something that creates an issue of fact right well true and and I think that her declarations and that were sworn the deposition testimony it was sworn all the the evidence that was seized that effectively she produced I mean she was I think standing in the shoes of the producing deponent or the the producing party all of that did create a fat question but the the trial court basically shifted the burden to her to prove that all of all of these items were hers and and and I think that the presumption was and I wasn't there I'm the appellate counsel I wasn't at the deposition I wasn't at the hearing but I think the assumption was that there was going to be an ancillary hearing that this thing was not going to get kicked because there was a ton of evidence in front of this judge to create a fat question I absolutely think that a trier effect could look at the even you know the Zales receipts and and and the appraisals and the other documents and say yeah she owned at least some of this stuff maybe not all of it but but you know that's the purpose of a fact-finder they decide who you know what what is what is owned and what isn't owned and I think the judge in the trial court simply just jumped the gun and shifted the burden and said well I'm going to ignore all this stuff I don't believe anything she's saying which was uncontradicted I should add I mean there was nothing from the government other than that saying that the cash was mixed or that some of the jewelry and the other things might have been gifts from Morgan other than that without any evidence there was no there's no evidence and Morgan's sworn testimony and his plea bargain isn't worth the paper it's printed on there's plenty of case law we've cited in the brief to that effect so I would also add that that mr. Morgan has since passed away he was afflicted with cancer in prison was released in prison and died two years ago and now my client is trying to raise her young son on her own and you know is facing this battle for for this cash that she pulled out of her businesses and and and the jewelry that she certainly I'm sure could use in this economic environment to help raise her son so I'd like to pull at the court's heartstrings a bit and just you know these are real people and you know this is this is important to her so but I thank you for your time and we would just ask for a remand or such other relief to at least get the ancillary hearing so that all the evidence can come out thank you thank you very much counsel we appreciate your arguments the matter is submitted
judges: NGUYEN, HURWITZ, Gutierrez